BACKHAUS, by guardian *ad litem,* and another, Respondents,
vs. BACKHAUS, Appellant.

*January 12 — January 31, 1888.*

*Trusts and trustees: Fund for support of bastard.*

The evidence in this case is *held* to sustain a finding by the trial court
that, in full settlement of a judgment in bastardy proceedings, the
father of the minor plaintiff had paid to the defendant a sum of
money, which the latter received as trustee, to pay the charges of
the attorneys in the bastardy proceedings and the expenses of the

past support of said plaintiff, and to hold the balance in trust for her as her property and as a fund from the income of which she should be supported.

APPEAL from the Circuit Court for *Washington* County. The case is stated in the opinion. The plaintiffs in the action are *Emma Backhaus,* an infant, and her grandmother, *Louisa Backhaus,* by whom the said *Emma* has been supported, and to whom, it is alleged, the defendant was bound to pay, for such support, the sum of $49 annually out of the income of the balance of the trust fund remaining in his hands. The defendant, *Henry Backhaus,* appeals from a judgment in favor of the plaintiffs.

For the appellant there was a brief by *Barney & Kuechenmeister,* and oral argument by *Mr. Barney.*

For the respondents there was a brief by *Miller, Pors & Pors,* attorneys, and *I. N. Frisby,* of counsel, and the cause was argued orally by *Mr. Frisby.*

TAYLOR, J. This action was commenced for the purpose of charging the appellant, as trustee of the plaintiff *Emma Backhaus,* of a certain sum of money which it was alleged he held in his hands as trustee for her, to remove him from the office of trustee, to appoint another trustee in his stead, and to compel him to account to such new trustee for the money in his hands.

The principal facts in the case are the following: *Emma Backhaus* is the illegitimate child of Max Rindskopf and one Louisa Backhaus; that in a proceeding at law against the said Max Rindskopf he was duly adjudged the father of said *Emma,* and was adjudged to pay certain costs and charges of said proceeding and a certain sum annually for the support and maintenance of such child; that, after such proceedings and judgment against said Max Rindskopf, the said Rindskopf made a settlement with the mother of the child, and with the consent and approval of the defend-

ant in this action, who had aided as the friend of the said Louisa in said prosecution and assisted her therein by employing counsel therein and in other ways; that by said settlement with Rindskopf he (Rindskopf) agreed to pay, and did pay, over to the defendant in this action the sum of $1,700, and the said defendant received said sum; that about $1,000 of said sum was paid out by the said defendant for attorney's fees and other expenses of said proceedings, and for the support of the child up to that date, and that the sum of $700 remained in the hands of said defendant; and it is alleged by the plaintiffs in this action that said money was received by the said defendant for the sole use and benefit of the said *Emma Backhaus*. There is no dispute as to the fact that the said defendant received the said $1,700 of Rindskopf, nor that the $700 remained in his hands by the consent of the mother of said *Emma* after the attorney's fees and other expenses were paid; and the only dispute is whether the defendant received said sum as money paid by the said Rindskopf · to him for the use and benefit of said *Emma*, to be held by him for her use and benefit, or whether he received the money as his own money, upon an agreement between him and said Rindskopf that in consideration of the payment of said sum the said defendant would hold him (Rindskopf) harmless and indemnified against any claim that might thereafter be made against him upon said judgment, and that he did not receive any part of said sum of $1,700 for the use and benefit of said *Emma*, or for her maintenance or support.

This was the issue tried in the court below, and, after hearing all the evidence produced by the parties, the learned circuit judge found, among other things, "that, by the terms of said settlement and arrangement, the said Max Rindskopf was to pay in full settlement of the said judgment to the said *Henry Backhaus*, then acting as agent as aforesaid, the sum of $1,700; that the said *Henry Backhaus*

should receive the said sum of money as trustee; that he should pay out of said money the charges of Messrs. Frisby & Weil, the attorneys for the said Louisa Backhaus last mentioned [the mother of *Emma*] in said action, and that he should pay the expenses for the past support of the said *Emma Backhaus;* that the balance should be the money and property of the said plaintiff *Emma Backhaus;* that it should constitute a fund from the income of which the plaintiff *Emma Backhaus* should be supported for thirteen years after the date of the rendition of the judgment."

After a careful consideration of the evidence in the case, we are satisfied that the learned circuit judge was fully justified in making such finding of fact, and that the same is supported by the preponderance of the evidence.

If this finding of fact is supported by the evidence, there is no claim on the part of the learned attorney for the appellant that the other findings were improperly made, or that the judgment entered thereon should not be sustained. The evidence in the case shows that the defendant had, before this action was commenced, denied that he had any money in his hands, as trustee or otherwise, for the use, benefit, and support of the said *Emma*, and that he refused to pay over any money for her support. The learned circuit judge found that he had in his hands the sum of $650 of the money so received from said Rindskopf, which had not been expended for the use of said *Emma*, or for any other purpose for which he received the same, and rendered judgment removing the said defendant as trustee of the said *Emma Backhaus;* appointed John C. Miller in his place, requiring him to give a bond in the sum of $1,000, with sureties to be approved by the judge of the court or a court commissioner thereof, for the faithful performance of the said trust; and adjudged that after service upon the defendant of a certified copy of the judgment in this action, and a copy of said bond with the approval indorsed thereon, the

defendant pay to the said John Miller, so appointed as trustee for the plaintiff *Emma Backhaus*, the trust fund of $642.62 remaining in his hands, with interest at six per cent. per annum from the 16th day of February, A. D. 1885; and that the plaintiffs have judgment against the defendant for the costs of this action.

Being of the opinion that the evidence is quite sufficient to sustain the finding that the defendant held said money in trust for the said *Emma Backhaus*, we think the judgment of the circuit court was correct in all respects.

*By the Court.*— The judgment of the circuit court is affirmed.